

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 19, 2022**

_____
United States Bankruptcy Judge

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | Case No.: 21-30975-sgj11 |
| **Christopher Lee Weatherford,** | § | |
|     Debtor. | § | Chapter 11 |
| _____ | § | |
| | § | Adversary No.: 21-03059-sgj |
| **Alford Lee III,** | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| **Christopher Lee Weatherford,** | § | |
|     Debtor. | § | |
| _____ | § | |

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DE # 8]

1

**Introduction**

Bar room brawls and bankruptcy. From time to time, the two overlap. The issue before this court is whether a debtor who attacked a man during a bar brawl is entitled to a discharge of a prepetition judgment debt resulting therefrom in his chapter 11 bankruptcy case.

Before Christopher Lee Weatherford (the "Debtor") filed for bankruptcy, a state court awarded Alford Lee, III (the "Plaintiff") a final judgment for injuries he sustained at the hands of the Debtor.[1] The jury awarded $167,865.49 in actual damages, plus $60,000 in punitive damages, plus additional interest and court costs. The Plaintiff now seeks summary judgment against the Debtor. He asks this court to declare this prepetition judgment debt non-dischargeable under 11 U.S.C. § 523(a)(6) as the product of the Debtor's willful and malicious conduct. In doing so, he asks this court to give estoppel effect to the jury's verdict and the resulting final judgment.

The Debtor admits to striking the Plaintiff, but he disputes whether the summary judgment evidence (namely, the underlying judgment and jury findings) establishes willful injury as a matter of law. Therefore, he argues that the character of his assault on the Plaintiff is a question of fact not proper for summary judgment.

**Procedural Posture**

On May 26, 2021, the Debtor filed his chapter 11 bankruptcy petition. In Schedule E/F, he listed Alford Lee as a non-priority, unsecured creditor with a disputed claim of $230,010.38.[2] The first meeting of creditors was held on June 28, 2021, so the deadline for filing complaints to determine dischargeability was August 28, 2021.

---

[1] *Alford Lee v. Christopher Weatherford*, Cause No. 93677-422, In the 422nd Judicial District Court of Kaufman County, Texas.
[2] The Debtor's Schedule E/F, Main Case DE # 17.

2

On August 26, 2021, the Plaintiff timely filed his Complaint, initiating the above-referenced adversary proceeding.[3] The Debtor filed his Answer on September 21, 2021.[4] The Plaintiff filed a Motion for Summary Judgment and Brief in Support on November 24, 2021.[5] The Debtor filed a Response Opposed to the Motion for Summary Judgment on December 15, 2021.[6] On January 6, 2022, the court heard oral arguments on the Motion for Summary Judgment. After closing remarks, the court issued an oral ruling granting the Plaintiff's Motion for Summary Judgment. The court now provides its reasoning pursuant to Fed. R. Bankr. Pro. 7056 and Fed. R. Civ. Pro. 56(a).

**Factual Background**

The summary judgment evidence consists of three documents. First, Debtor's Affidavit (which the Debtor submitted to the state court) describes his side of the story.[7] Second, the "Charge of the Court" is the state court judge's instructions to the jury, along with a signed copy of the jury's findings.[8] Third, is the state court's Final Judgment.[9] The court will look first to the Debtor's Affidavit because it provides a narrative for the events that led to the Plaintiff's injury.

According to the Debtor's Affidavit, he and three others arrived at Fat Dawgs Sports Bar in Forney, Texas at approximately 11:00 p.m. on September 27, 2013. Even before entering the establishment, the Debtor and his friends became embroiled in an oral altercation with one of the Plaintiff's friends. Despite the early quarrel, and at the beckoning of the bar's owner, the Debtor and his friends proceeded into Fat Dawgs, possibly expecting to let sleeping dogs lie. Perhaps to someone's surprise, hostilities did not abate.

---

[3] DE # 1.
[4] DE # 6.
[5] DE #s 8 and 9.
[6] DE # 11.
[7] Appx. A, The Affidavit of Christopher Weatherford dated August 7, 2017.
[8] Appx. B, The Charge of the Court filed February 7, 2018.
[9] Appx. C, The Final Judgment entered March 12, 2018.

The altercation continued in the bar as the parties exchanged curses. Words became actions when a peace-keeping bouncer planted between the parties left his post. A brawl began almost immediately. The Debtor allegedly defended himself "by throwing punches at the [Plaintiff] until [he] believed the threat to [his] wellbeing was removed."[10] The Debtor and two others were arrested that night, but the Plaintiff was not. The Debtor's criminal trial resulted in a mistrial, but the Plaintiff's civil trial against the Debtor resulted in a jury verdict and final judgment in the Plaintiff's favor.[11]

The state court in the civil action concluded that the Debtor assaulted the Plaintiff as a matter of law.[12] The jury concluded that the Debtor did not act in self-defense and was 95% responsible for the Plaintiff's injury.[13] Further, it found by clear and convincing evidence that the harm to the Plaintiff resulted from the Debtor's malice.[14] As such, it awarded $167,865.49 in actual damages and $60,000 in exemplary damages.[15] The Final Judgment incorporated the Charge of the Court and ultimately ordered that the Plaintiff recover $230,010.38 from the Debtor at 5% interest.[16] The Debtor did not appeal the Final Judgment, and the time for appeal expired thirty days after the trial court signed the Final Judgment.[17]

**Summary Judgment Standard**

To succeed on summary judgment, the Plaintiff must establish that there is no genuine issue of material fact. "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter

---

[10] Appx. A, pgs. 2-3.
[11] Id. pg. 4.
[12] Appx. B, pg. 4.
[13] Id. pgs. 5-6.
[14] Id. pg. 8.
[15] Id. pgs. 7-9.
[16] Appx. C, pg. 2.
[17] Tex. R. App. P. 26.1.

of law."[18] Disputes regarding material facts are genuine if a reasonable jury could return a verdict for the nonmoving party.[19] In order to support or refute an assertion that a genuine issue of material fact exists, the parties must cite to particular parts of the record to demonstrate that "the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."[20] The court views the facts and evidence in the light most favorable to the nonmoving party at all times.[21] The court has the discretion to consider all evidence in the record, beyond simply the evidence attached to the summary-judgment motions.[22] Although all evidence in the record may be considered, the court refrains from making credibility determinations and weighing the evidence.[23] Yet, a party may nevertheless object that evidence cited in the record cannot be produced as admissible evidence.[24]

The evidentiary support needed to meet the initial summary judgment burden depends on whether the moving party bears the ultimate burden of proof at trial.[25] If the moving party bears the burden of proof on an issue, they must present adequate evidence to entitle the moving party to judgment at trial.[26] If the movant establishes this evidence, the burden then shifts to the nonmovant to cite specific evidence that a genuine issue of material fact exists.[27] The nonmovant must also articulate the manner in which that evidence supports that party's claim.[28] Even if the

---

[18] Fed. R. Civ. P. 56(a); Fed. R. Bankr. P. 7056 (incorporating the Rule 56 standard into adversary proceedings).
[19] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[20] Fed. R. Civ. P. 56(c)(1).
[21] *Plumhoff v. Rickard*, 572 U.S. 765, 768 (2014).
[22] *See* Fed. R. Civ. P. 56(c)(3).
[23] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).
[24] Fed. R. Civ. P. 56(c)(2).
[25] *See In re Rotary Drilling*, 2017 WL 4990440, at *2.
[26] *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)).
[27] *Id.* (citing Fed. R. Civ. P. 56(c)(1); *Celotex*, 477 U.S. at 324).
[28] *Id.* (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

movant meets the initial burden, the motion should be granted only if the nonmovant cannot show a genuine dispute of material fact.[29]

### Nondischargeability Under 11 U.S.C. § 523(a)(6)

11 U.S.C. § 523(a)(6) states that "a discharge under section 727 ... of this title does not discharge an individual debtor from any debt ... [that is the result of] willful and malicious injury by the debtor to another entity."[30] The Supreme Court has held that "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury."[31] Therefore, "debts arising from recklessly or negligently inflicted injuries do not fall within the compass of section 523(a)(6)."[32]

The Fifth Circuit has concluded that "willful and malicious" are to be examined together with a single two-prong test.[33] There must be either an "objective substantial certainty of harm or a subjective motive to cause harm."[34]

For the first prong, the court must determine whether the summary judgment evidence proves as a matter of law that the Debtor's punches were substantially certain to cause injury. The court concludes that it does. Unfortunately, the present fact pattern is not uncommon. The Fifth Circuit has decided that most punches to the face are substantially certain to cause an injury. "[H]aymakers, like most garden-variety punches to the face, are objectively very likely to cause harm."[35] In this case, the Debtor does not suggest he accidentally harmed the Plaintiff, as if by

---

[29] *See In re Rotary Drilling*, 2017 WL 4990440, at *2 (citing *Duffie v. U.S.*, 600 F.3d 362, 371 (5th Cir. 2010)).
[30] 11 U.S.C. § 523(a)(6).
[31] *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998).
[32] *Id.* at 64.
[33] *Miller v. J.D. Abrams Inc. (In re Miller)*, 156 F.3d 598, 603 (5th Cir. 1998).
[34] *Id.* at 606.
[35] *Berry v. Vollbracht (In re Vollbracht),* 276 Fed. Appx. 360, 362 (5th Cir. 2007) (cited in *In re Peterson* 452 B.R. 203, 231 (Bankr. S.D. Tex. 2011).

swatting at a fly or even slapping the Plaintiff with an open hand.[36] The Debtor's own words were that he "threw punches" at the Plaintiff.[37] The court easily concludes that the Debtor's fighting punches were substantially certain to cause harm.

For the second prong, the court must determine whether the summary judgment evidence proves as a matter of law that the Debtor had a subjective motive to cause harm. The court concludes that it does. Most cases turn on the first prong because debtors rarely admit to having a nefarious subjective motive.[38] However, personal animosity, the force and location of the punch, and the severity of the damage can reflect the attacker's subjective intent.[39] Here, the escalating events at Fat Dawg and the severity of the Plaintiff's injury (both in the summary judgment evidence) support the court's conclusion that the Debtor subjectively intended to harm the Plaintiff. The Debtor's Affidavit states that the conflict began immediately after his party arrived at Fat Dawg and escalated over the course of the night.[40] Animus was so high that violence erupted as soon as the parties were left unsupervised. Furthermore, the damage that the Debtor inflicted was substantial. The jury's award in the Charge of the Court awards $57,000 for damages related to physical impairment and disfigurement.[41] Such damage from punches would not seem to occur absent a subjective motive to cause harm.

This court concludes that the undisputed summary judgment evidence establishes as a matter of law that the Debtor's punches were objectively certain to cause harm and that the Debtor acted with a subjective motive to cause harm. But the analysis does not stop there. "[T]he Fifth Circuit has constructed an exception to the general two-prong test."[42] For a debtor's action to be

---

[36] *See In re Peterson*, 452 B.R. 203, 232 (Bankr. S.D. Tex. 2011).
[37] Appx. A, pg. 2.
[38] *Peterson*, 452 B.R. at 231 (Bankr. S.D. Tex. 2011) (citing *In re Vollbracht*, 276 Fed.Appx. at 361).
[39] *Id*. at 232.
[40] Appx. A, pg. 2.
[41] Appx. B, pg. 7.
[42] *Peterson*, 452 B.R. at 233 (Bankr. S.D. Tex. 2011).

7

considered willful and malicious, it must not have been "sufficiently justified under the circumstances" such as in self-defense.[43] In the present case, the state court jury has already decided the issue. It determined that the Debtor did not act in self-defense and that he was 95% responsible for the Plaintiff's injuries.[44] Since the state court's Final Judgment incorporates the Charge of the Jury, the Debtor is collaterally estopped from arguing self-defense.

Collateral estoppel "precludes relitigation of only those issues actually litigated in the original action, whether or not the second suit is based on the same cause of action."[45] The elements of collateral estoppel are: (1) the same parties were involved in a prior action; (2) the issue at stake is identical to the one involved in the prior action; (3) the issue was actually litigated in the prior action; and (4) the determination of the issue in the prior action was a necessary part of the judgment.[46] These elements are satisfied for the issue of self-defense. The parties were the same, and the issues were identical. The jury expressly decided on the Debtor's lack of self-defense after the parties litigated the issue. Since self-defense was an affirmative defense asserted by the Debtor, the issue was a necessary part of the Final Judgment against him. The Debtor provided no alternative justification for the assault. As such, the court can conclude as a matter of law that the Debtor's attack on the Plaintiff was not "sufficiently justified under the circumstances."

It is hereby **ORDERED** that the Plaintiff's Motion for Summary Judgment is **GRANTED**. The Plaintiff is directed to upload a Judgment of Nondischargeability consistent herewith.

### ### END OF MEMORANDUM OPINION AND ORDER ###

---

[43] *Vollbracht*, 276 Fed.Appx. at 362 (5th Cir. 2007).
[44] Appx. B, pgs. 5-6.
[45] *Moch v. E. Baton Rouge Par. Sch. Bd.*, 548 F.2d 594, 596 (5th Cir. 1977).
[46] *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 572, *cert. denied*, 547 U.S. 1055 (2006).